STATE vs. DANIEL WHEELER.

A mere invasion of private property, without a disturbance of the peace, is not an indictable offence ; but is a private injury only, for which an action of trespass lies.

An indictment will not be sustained for "feloneously, maliciously, mischievously and wickedly killing a beast," the property of another ; and after conviction on such an indictment, the judgement will be arrested.

This was an information by the state attorney, alleging, " That *Daniel Wheeler*, of &c. on &c. one two years old steer, of a red colour, of the value of twenty dollars, of the goods and chattels of one Ebenezer Davis, of &c. in a certain field belonging to one Simeon Morse, of &c., with force and arms, feloniously and wilfully, maliciously, mischieveously and wickedly, then and there did kill." There was a second count setting forth the offence as in the first, except that it alleged the steer was the goods and chattels of some person unknown ; and that the respondent with force and arms, &c., with a gun loaded with powder and balls of lead, did shoot and kill the said steer.

The jury returned a verdict of guilty against the respondent. and he afterwards filed a motion in arrest of judgement for the insufficiency of the information, which was now brought up for the decision of this Court.

WINDHAM,
February,
1830.

State
vs.
Wheeler,

*Kellogg, for the prisoner.*—The defendant contends that the act set forth in either count of said information is not a breach of the peace, or, at least, not an indictable offence by the laws of this state.

The act complained of comes under the legal head of "offences against private property, and of that species called "*malicious mischief*," or damage, and, by the common law, was not punished criminally ; but for any damage the aggrieved party might sustain, by such malicious acts, he was left to his own proper action of trespass to recover.—4 *Blac. Com.* 243. Afterwards, indeed, in England these malicious acts were made penal by a multitude of statutes.—*Ibid.* Hence Blackstone, in his commentaries upon the statute, as well as common law of England, under the head of "offences against private property," describes that of "*malicious mischief*," and cites the various statutes of England, in which such offences were from time to time made penal. And it apears from him that an act, like that *intended* to be complained of in this information, was not penal in England until made so by statute of 22d and 33d *Ch. II. chap.* 7. *Ibid.* Now it has already been decided by this Court, "that we cannot treat those statutes as common law, nor as in force here."—*State* vs. *Briggs*, 1 *Aik.* 229. And it will be seen that those statutes are not treated as common law, or as in force in the state of Connecticut, by Swift in his digest of the laws of that state, *vol. 2d.*

Sir Matthew Hale, *chap.* 58, *p.* 626, of his history of pleas of the crown, "having considered the felonies that are by the common law, among which malicious private mischief is not to be found," proceeds to the handling of felonies by act of parliament, and among the multitude of such sort of created offences, comes at length to the act of 22d and 23d *Ch. II.*, wherein the maliciously and unlawfully killing horses and cattle, &c. *in the night time* is made penal.

If the position laid down in 2 Swift's digest, 287, is correct, "that all immoral acts that tend to the prejudice of the community, are punishable by courts of justice," which position is, however, hardly borne out by the authority he cites,—(2 *East Rep.* 5, 21,) still the one at bar does not come within that supposed rule. The act here complained of was attended with no actual disturbance of the peace, and did not tend to the prejudice of the community ; but to the prejudice of only one individual : and even this does not appear with any degree of certainty from the information. From all that therein appears, the owner of the

TT

WINDHAM,
*February,*
1830,

State
*vs*
Wheeler.

steer may have been consenting, aiding and assisting, in the killing; and without sufficient certainty an indictment is as nothing.

In the case of the *King* vs. *Wilson* and others, 8th *T. R.* 360, *Kenyon*, *Ch. J.* says, " it is perfectly clear that a mere trespass, which is the subject of a civil action, and where the words *vi et armis* are introduced as matter of form, cannot be converted into an indictable offence." And the distinction appears to be taken, that when the trespass complained of does not occasion, or endanger, a breach of the peace, it is not indictable. But when such trespass is committed with great violence, and with multitude of persons, the offence would be indictable, because the peace would be endangered if it were not so.

We, therefore, insist that the act complained of in this information is not only not a breach of the peace, but is not necessarily unlawful. " To kill or shoot a steer," is certainly not in all cases unlawful; and the information does not even state that the act was done *unlawfully.* Nor does it appear that it was done against the will of the owner. The epithets made use of here to qualify the manner of killing, amount to nothing. The epithet *feloniously* is absurdly useless here; for the offence, whatever it may be, is certainly not *felony.* And the other terms, such as *maliciously,* &c., have reference most naturally and properly to the steer only—and surely it is not criminal to harbor malice against a steer, even if one, in the spirit of that malice, should wilfully, maliciously and wickedly kill him.

We, therefore, come to the conclusion, expressed by the Court in the case of the *State* vs. *Briggs,* before referred to—" that with force and arms to injure the property of another is a civil injury, for which the party aggrieved may have his remedy by action of trespass." And as no wanton cruelty to the beast is set forth in the information, as the *gravamen ;* and as no wounding or torturing the living animal is alleged, it would seem that upon the authority of the case of the *State* vs. *Briggs,* as well as *Ranger's* case, 2 *East's P. C.* 1074, and authorities before cited, that this information is insufficient.—2 *Chit. C. L.* 289 ; **3** *Burr.* 1701 ; 3 *Burr.* 1707; 3 *Burr.* 1731.

*Campbell, state attorney, contra.*—This is an offence that tends to the prejudice of community ; and all acts that tend to the prejudice of the community are indictable at common law.—2 *East's Rep.* 5.

The offence charged is a breach of the peace, and forcible en-

WINDHAM,
February,
1830.

State
vs.
Wheeler.

try, and such acts as are breaches of the peace, are indictable at common law.—8 *T. Rep.* 360 ; 3 *Burr.* 1698, 1731 ; *Sayer's Rep.* 225 ; 1 *Aik. Rep.* 226, *State* vs. *Briggs* ; 1 *Aiken*, 311, *State* vs. *McLeran.*

As to the second count—If third persons are unknown, it is sufficient to describe them as such.—1 *Chit. Cr. Law*, 175. The defect of some of the counts will not affect the validity of the remainder ; for judgement may be given against the defendant upon those that are valid.—1 *Chit. Cr. Law*, 205.

PRENTISS, Ch. J., delivered the opinion of the Court.—If the matter in the information is charged as a felony, and is to be considered as so laid, it would seem that judgment could not properly be rendered upon it as for a misdemeanor. Though it was held in some of the old cases, that when a misdemeanor was indicted as a felony, and there was a conviction on the indictment, judgement might be given as for a misdemeanor, it is fully established by the modern authorities, that the indictment in such case is bad, and that the judgement must be altogether arrested.—(*Rex* vs. *Westbeer*, 2 *Stra.* 1133 ; 1 *Chit. C. L.* 639 ; *Commonwealth* vs. *Newell*, 7 *Mass.* 245.) On an indictment for a felony, the prisoner must appear in person, and on trial, must here be taken and retained in custody in discharge of his recognisance ; whereas on an indictment for a misdemeanor, he is allowed to remain on bail, and may in general appear and plead by attorney. These are privileges of which the party ought not to be deprived by changing the mode of proceeding against him ; and they appear to be of sufficient importance to require an adherence to the common law rule.

Whether or not the fact alleged in the information is a misdemeanor, and can be the subject of a criminal proceeding, is a question upon which we have entertained doubts, but upon which we have at length formed an opinion. The distinction between those trespasses for which there is a private remedy only, and those for which there may be a public prosecution, is not laid down in the books with much accuracy or precision. It seems, however, to be clear, that though every trespass, which is a disturbance of the peace, is indictable, a mere trespass, which is the subject of a civil action, cannot be converted into an indictable offence. It appears to be the doctrine of the case of *Rex* vs. *Storr*, 3 *Burr.*, 1698, and of *Rex* vs. *Baker*, 3 *Burr.*, 1731, that no indictment lies at common law for a trespass committed to land or goods, unless

WINDHAM,
February,
1830,

State
vs.
Wheeler.

there be a riot or a forcible entry.    According to those cases, a mere invasion of private property, without a disturbance of the peace, does not concern the public, but is a private injury only, for which an action of trespass lies.  In England, the killing or maiming cattle belonging to another, from motives of malice or revenge to the owner, is made penal by statute ; and there is no precedent in the English books of a conviction for killing or wounding an animal, nor any intimation that the act is an indictable offence, at common law.  In *Ranger's* case, 2 *East's P. C.* 1074, which was an indictment at common law for unlawfully, with force and arms, and against the peace, maiming a horse, it was held, that the indictment contained no indictable offence ; for if the offence was not within the statute, the fact in itself was only a trespass.    Although an intimation was thrown out in the case that the words *vi et armis* did not imply force sufficient to support an indictment, it does not follow that the mere laying of the special force which attended the act would have varied the case in principle.    It would hardly do to act upon the distinction between actual and implied force, and to hold that every trespass to property, where there is actual force, is indictable.  If such was the law, the wounding or injuring of an animal belonging to another from a sudden impulse of passion towards it, which is plainly an injury of a private nature, and amounts to nothing more than a trespass, would form the ground of a criminal proceeding.  Indeed, the doctrine would make almost every trespass or injury to private property the subject of an indictment, and would give to the courts a fearful and alarming jurisdiction, which could be exercised in general to little other purpose than vexation and oppression.    The epithets, *wilfully, maliciously.* &c., contained in the information, are words of mere form, which may be applied to every trespass or injury to private property ; and neither they, nor the special statement of the manner in which the act was done, showing actual force, can have the effect to make the act a public offence.  In exercising criminal jurisdiction in common law cases, courts should be under the guidance and restraint of established principles and precedents, and should not allow themselves to go beyond them.    An undefined jurisdiction, or an unlimited discretion, in criminal cases, is an arbitrary and dangerous power, incompatible with civil liberty, and ought never to be assumed or exercised ; and unless an act is made criminal by some statute, or is clearly defined to be an offence by the common law, it ought not to be treated or punished as such.  The civil remedy which the law affords for

trespasses to property, is, in ordinary cases, a sufficient corrective; but if the interest or protection of society requires that any class of them, not now indictable, should, on account of their mischievous nature or tendency, be proceeded against and punished criminally, the legislature can make the necessary provision.