JOHN H. ILLIES, Plaintiff in Error, vs. ISAAC D. KNIGHT, Defendant in Error — Writ of Error from Harris County.

The word "*offense*," as used in the *fourth* exception contained in the 5th section of the act of 1836, "establishing the jurisdiction and powers of the district courts," is synonymous with that of "*crime*," as used in the same exception. [18 Tex. 118.]

Where, therefore, the acts complained of do not amount to a crime or indictable offense, the case is not within the exception.

An injury to personal property, though committed with actual force, is not indictable at common law, unless accompanied with a breach of the peace.

The defendant in error brought suit against the plaintiff in error by filing his petition in the district court of Harris county, on the 7th day of February, 1846. The petition represents that the residence of the defendant is in the county of Galveston. It alleges that the plaintiff was engaged in business in the county of Harris, as an apothecary and druggist, and that the defendant, "with force and arms, entered the store of the petitioner there situate, and took, seized and carried away certain goods and chattels" (particularly described), of the value of two thousand dollars, "then and there in the possession of the plaintiff being and found, and converted and disposed of the same to his own use, and other wrongs to the petitioner then and there did, against the peace of the republic, and to the damage of the plaintiff five thousand dollars."

The defendant, having been cited, appeared and pleaded in abatement to the jurisdiction of the court, and at the same time excepted to the legal sufficiency of the petition, upon the ground that, while it represented the residence of the defendant to be in the county of Galveston, it contained no sufficient allegations to enable the plaintiff to maintain his action in the county of Harris. The plaintiff excepted to the plea to the ju-

risdiction, and the court sustained his exceptions, and overruled the exceptions to the petition, holding that the suit was well brought in the county of Harris, a county other than that of the residence of the defendant. There were other issues upon which there was a trial and judgment for the plaintiff, and the defendant obtained a writ of error.

ALEXANDER for plaintiff in error.

The plea in abatement was erroneously overruled, because the plaintiff in error could not properly be sued out of the county of his residence, as he had not "committed any crime or offense for which a civil action in damages" might be commenced. [1 Statutes, p. 200, sec. 5.] The words "crime or offense" are used in the statute referred to, to designate *criminal and penal acts*, for a prosecution lies for none other than criminal and penal acts.

No prosecution could be maintained upon such a trespass *de bonis asportatis*, as is set forth in the petition, for want of a *felonious intent*. It does not appear that there was any felonious taking and carrying away by Illies, nor could there be such by one who had a recorded lien upon the goods taken.

WEBB for defendant in error.

Illies was properly sued in Harris county.

In construing statutes, full force and effect should be given to the language used by the legislature. The terms employed in the statute are "some crime or *offense* for which a prosecution or *civil action in damages* may be commenced." Trespass, it is true, is not a crime for which a prosecution may be commenced, but it is an *offense* for which a civil action will lie. The legislature did not use the terms crime and offense as synonymous, in the statute referred to, for if crime only were intended, why use the word offense also? It is evident that the word "prosecution" was intended to apply to crimes which could be prosecuted before the tribunals exercising criminal jurisdiction, and the words "civil action in damages" were intended to be applied to every offense for which the injured party might be entitled to damages, whether the offense be of such a grade as would authorize a public prosecution for it or not.

Mr. Justice WHEELER delivered the opinion of the court.

In support of the jurisdiction of the Harris district court, we are referred, on behalf of the defendant in errror, to the *fourth* exception in the 5th section of the act of 1836, "establishing the jurisdiction and powers of the district courts." [1 Stat. 200, sec. 5.] This section provides that "no person shall be sued out of the county in which he may reside, except in the following cases," one of which, and the one relied on in this case, is "*fourth,* in a case where the defendant has committed some crime or offense for which a prosecution, or civil action in damages, may be commenced."

Does the petition, in the case before us, implicate the defendant in the commission of a *crime or offense* of the description contemplated by the exception? The legislature appear to have had in view the legal principle that, for certain crimes, a civil action may be maintained, either before, or simultaneously with, a criminal prosecution; while, for others, no civil action can be maintained until after the conviction or acquittal of the offender. And it was, we think, in reference to this distinction that they framed the exception in question, and employed the alternative expression, "a prosecution, or civil action in damages;" meaning to indicate and include by the exception that class of indictable offenses in which the civil action is not merged, or wholly taken away from the party injured, by the crime against the public.

An offense is defined to be "an act committed against a law, or omitted where the law requires it, and punishable by it." [2 Tom. L. Dic. 664; 4 Jac. L. Dic. 432.] In the present instance, this word was used, we think, to denote a *crime;* and these words, in legal use, are, properly speaking, synonymous. [4 Bl. Com. 5.]

When the statute speaks of a party as having "committed" an offense, we understand a crime; and when it employs the word "*crime* or *offense,*" we understand these as mere synonymous terms, or as expressive of different degrees of crime. To *commit an offense* is, in legal parlance, to be guilty of a crime. The words *crime* and *offense* are used in the law books as convertible terms; and the latter word is so often employed, both

in the common, and our statute law, to denote crime of every degree, as to render quite unneccessary any particular reference. [Const. (1836) Dec. of Rights, sec. 9; 1 Stat. (1836) p. 193, secs. 41, 45, 51.] The words *offense* and *offender* are constantly employed in the statutes to indicate the actions and persons implicated in the commission of crimes. The word *offense*, it is true, in its ordinary acceptation, embraces very many acts which are less than crimes. But it is not to its popular, but to its legal, signification that we must look, to determine its meaning in the present instance. In one sense it may be said to be an offense not to pay a debt, or discharge a duty according to promise; and, in a like sense, in may be said to be "an offense for which a civil action in damages may be commenced," to commit a breach of covenant, or to do or omit any act or duty, under such circumstances as will lay a foundation for an action sounding in damages. Yet it will not be contended that, for every such *offense*, a party is liable to be sued in a county other than that of his residence. That would be to convert the exception into the general rule. It is not perceived that, as regards the present inquiry, there is any difference in principle between this case and any other action sounding in damages. If the word *offense* in the statute is to be extended in signification so as to include in the exception a case like the present, it is difficult to perceive why it must not, at least, include all actions for injuries arising *ex delicto*, or *torts*. Had this been intended, the 8th exception in the same section of the statute would have been omitted. It cannot admit of doubt, we think, when duly considered, that the word *offense* was used in the statute as synonymous with crime. Where, therefore, the acts complained of do not amount to a crime, the case is not within the exception. In a case like the present, where the petition discloses the fact that the defendant is sued in a county other than that of his residence, and where, therefore, *prima facie*, the suit appears not to have been brought in the proper county, it is incumbent on the plaintiff to state facts importing the commission of a crime by the defendant. It must appear upon the face of the petition that

the case is within the exception. The petition must charge the defendant with acts indictable. Is this the case presented by the petition before us ? That it is not seems to be conceded. The petition charges a trespass to personal property; technically, at common law, *trespass de bonis asportatis.* But an injury to personal property, though committed with actual force, is not indictable at common law, unless accompanied with a breach of the peace. [3 Verm. 344; 4 Comyn's Dig. p. 389, title "Indictment," letter E.; Bacon's Abr. tit. "Indictment," E.; 10 Yerger, 261.] The petition concludes its statement of the cause of action with the words "against the peace," etc., but this is stated rather by way of inference than averment. It was, doubtless, borrowed from the form of a common law declaration in *trespass,* where it is always employed [1 Chit. Pl. 191]; and evidently was intended, not as the averment of a breach of the peace, or of any act or acts importing an actual breach of the peace, but simply as an inference or conclusion from the facts before stated, and cannot be regarded as having added anything to the previous statement. Had the plaintiff intended to charge a breach of the peace, he should have stated the acts in which it consisted. But that such was not his intention is evident, and the facts disclosed by the proofs show that no breach of the peace, or other indictable offense, could truly have been charged or ascribed to the acts of the defendant.

The case, therefore, did not come within the exception relied on to support the right of the plaintiff, to maintain his action against the defendant in a county other than that of his residence.

The objection, being a personal privilege, was well taken by an exception to the petition in the nature of a plea in abatement; and the court erred in overruling the exception. The conclusion to which we have arrived upon this question dispenses with the necessity of considering the other questions presented in argument.

We are of opinion that the judgment be reversed, and the cause dismissed.