CAHN BROS. & CO. v. F. A. BONNETT.

(Case No. 1492.)

1. JURISDICTION — ATTACHMENT.— A suit for damages for wrongful attachment may be maintained on the attachment bond in the county whence the writ issued.

2. SAME.— The statutes (R. S., art. 1198) provide that when the foundation of the suit is some crime, offense or trespass, a civil suit for damages, if such action will lie, may be brought in the county where such crime, offense or trespass was committed. Where a seizure of property has been made by virtue of a writ of attachment wrongfully issued, an action for damages will lie in the county where such wrongful seizure was made.

3. SAME — STATUTE CONSTRUED.— The word trespass in Revised Statutes, art. 1198, means any intentional wrong or injury done directly or indirectly to the person or property of another. Hubbard v. Lord, 59 Tex., 384.

4. EXECUTION — ATTACHMENT.— An execution, being based upon a subsisting valid judgment, protects both the officer and the person procuring it, while a writ of attachment, being based upon a mere affidavit, cannot be invoked as a protection for the party procuring its issuance.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

The appellee brought this suit in the district court of Kaufman county, March 16, 1882, to recover $5,000 damages of the appellants for an alleged trespass upon and conversion of certain personal property belonging to him. In his petition he alleged his ownership, its situation in Kaufman county, its unlawful seizure while there by appellants, and their conversion thereof to their own use and benefit, as also the value of the same. He charged malice in the seizure, with the purpose on part of appellants of injuring, vexing and harassing him, and of ruining his credit and destroying his business as a merchant.

The writ issued from Dallas county. Verdict for appellee for $597.13.

*Manion & Adams* and *Sawnie Robertson*, for appellants, on the jurisdiction of the district court, cited: R. S., art. 152; Cloud *v.* Smith, 1 Tex., 611; Hubbard *v.* Lord, 59 Tex., 384; Harris *v.* Finberg, 46 Tex., 97; Waterman on Trespass, secs. 1, 32, 303–309, 367, vol. 1.

*Hill & Word*, for appellee, on jurisdiction of district court, cited: Sec. 3, R. S., p. 718; art. 173, R. S.; 2 Vroom (N. J.), 428; 12 id., 193; Freeman on Execution, § 302; Waterman on Trespass, vol. 1, §§ 83, 95, 104, 110, 113, 487, 488, 493.

WATTS, J. COM. APP.— Assuming that the attachment was wrongfully sued out by appellants, then it could not be controverted but that appellee might have maintained an action against them in the county where the writ issued for the damages resulting from the wrongful act. Such a suit might have been maintained upon the attachment bond, or else, at the option of appellee, against the appellants alone. A suit upon the bond, while one, is not the sole remedy for the wrongful act to which the party injured had the right to resort.

Obviously, the mere wrongful suing out of the writ, without anything being done with it, would not give a right of action for damages, because no interference with the property rights of others has occurred by reason of the wrongful writ. Suppose, however, that the defendant's property has been seized and sold by virtue of such process, then it becomes a completed wrong, for which a suit may be maintained. While, if the writ is regular upon its face, it will protect the officer who executes, still it will afford no protection to the party who procured its issuance, if wrongful.

He who wrongfully resorts to the writ of attachment against the property of another, and who directs or procures its levy upon such property, is guilty of an invasion of the property rights of the other; guilty of such wrong to the other as would sustain a civil action for damages resulting from the wrong.

Our statute provides that when the foundation of the suit is some crime, offense or trespass for which a civil action in damages may lie, that the suit may be brought either in the county where such crime, offense or trespass was committed, or else where the defendant has his domicile. R. S., art. 1198, part 8.

This controversy mainly turns upon the true meaning of the word "trespass" as used in the statute. Appellants claim that it must be confined to its strict legal or technical signification; while appellee

claims that any intentional wrong or injury done directly or indirectly to the person or property of another constitutes a trespass within the spirit and intention of the statute.

It must be remembered that the Revised Statutes are to be liberally construed with a view to effect their object and to promote justice. As a general rule the ordinary signification shall be applied to words used therein, and in all interpretations of the same the court shall diligently look for the intention of the legislature, keeping in view at all times the old law, the evil and the remedy.

By the old law the privilege of suing in the county where the wrong had its consummation was confined to crimes or offenses. It was held in Illies v. Knight, 3 Tex., 315, that the acts complained of, to come within that exception, must amount to a crime. The court there remarked that a trespass *de bonis asportatis*, which was unaccompanied by a breach of the peace, was not a crime in legal contemplation, and therefore did not come within the exception. Obviously the legislature intended, by the addition of the word "trespass," to materially extend the operation of the exception to the general rule that required the defendant to be sued in the county of his residence.

These provisions are in substance re-enacted in the Revised Statutes, and must therefore be considered and read in the light of the liberalizing spirit which characterizes that legislation.

The ordinary signification of the term "trespass" is the wrongful interference with another's personal or property rights. So in an action for damages resulting from the wrongful suing out of a writ of attachment, the pith of the action is the wrongful interference thereby with the property rights of the plaintiff. Popularly speaking, it is for a trespass committed upon the property rights of the plaintiff, by and through the means of the wrongful writ. If it be admitted that generally the trespass in such case must be considered as committed in the county where the affidavit was filed and the writ issued — and that seems to be true (Hubbard v. Lord, 59 Tex., 384),—still in this case the appellants not only procured the issuance of the wrongful writ, but sent an authorized agent with it into Kaufman county, who there directed its levy upon the identical property seized by the officer. They were present in Kaufman county in the person of their agent directing the seizure under the wrongful process. As the writ was regular upon its face, it afforded protection to the officer who executed it, but it is a mistake to suppose that such a writ afforded immunity to the party who had the

same wrongfully issued, and procured the seizure and sale of property by virtue thereof.

Appellants were in the wrong by procuring the issuance of the wrongful writ, and aggravated that wrong by going into another county and causing appellee's property to be seized by virtue of that writ.

Their acts in this respect clearly and unmistakably constitute such trespass upon the property rights of appellee as authorized the suit in Kaufman county where the seizure was made.

There is a distinction to be noted between an execution which is only voidable, and a writ of attachment wrongfully sued out. Under the first both the officer and party procuring its issuance will be protected by the writ, as there is a valid judgment upon which it is founded, and the irregularity is in some matter pertaining to the writ. However, as the writ of attachment is wrongfully procured by means of an affidavit false in fact, though it need not be intentional, procured as it were against the inhibition of the law, surely such a writ could not be invoked as a protection to the person who disregarded the law and the rights of others in procuring its issuance. And the effect of such a trespass or wrong is not in the least ameliorated because the writ is not quashable upon that ground.

Our opinion is that the district court of Kaufman county had jurisdiction of the case as made by the pleading and evidence. And as all other supposed errors are waived, we report for an affirmance of the judgment.

AFFIRMED.

[Opinion adopted December 16, 1884.]