HILLIARD & HILLIARD V. S. G. WILSON AND LEON & H. BLUM
ET AL.

(Case No. 2095)

</div>

1. ATTACHMENT—EXCESSIVE LEVY—SHERIFF—SACRIFICE OF PROPERTY AFTER LEVY—. If a sheriff is commanded, under a writ of attachment, to seize property sufficient to make a debt of a specified amount, and he willfully seizes a much greater quantity of goods than is necessary for that purpose, and deprives the defendant of the possession and use of them, he commits as flagrant a wrong as if he had seized the excess without any process whatever. It is as much an

abuse of the writ of attachment to fraudulently and willfully sacrifice property after levy for the benefit of the attaching creditor, as it is to wrongfully and oppressively seize more than the writ commands.

2. SUIT FOR MALICIOUS PROSECUTION — VENUE — OFFICER — The rule announced in Hubbard v. Lord, 59 Tex. 384, that suits for malicious prosecution must be commenced in the county where the process of law was unjustly and maliciously sued out, and that for a proper and legal execution of such process, according to its mandates, the officer of the law to whom it is directed incurs no liability to the injured party, reaffirmed.

3. SAME — ATTACHMENT — OFFICER — TRESPASS — ACTION — VENUE — PLAINTIFF IN AT-TACHMENT — Where, however, the officer to whom a writ of attachment is directed, overstepping the bounds of discretion allowed him by the writ, makes use of it to wrongfully and unnecessarily oppress and injure the defendant, he commits a trespass, for which a civil action will lie against him ; and if the plaintiff in attachment instigates or countenances such wrong and oppression, he becomes a participant in the trespass, and is liable to a suit, either in the county of his residence, or in that in which the attachment proceedings were commenced, or in the county in which the trespass by the officer was committed. Any expressions found in Cahn v. Bonnett, 62 Tex. 674, or in any other cases in Texas Reports, inconsistent with the foregoing rule, will not hereafter be regarded as authoritative.

4. SAME — PLEADING — VENUE — See this case for allegations in a petition, held sufficient, in a suit for malicious prosecution, to give jurisdiction to a court in a county other than that in which the process of the law was unjustly and maliciously sued out.

APPEAL from Burleson.   Tried below before the Hon. J. B. McFarland.

This suit was brought in the district court of Burleson county by J. B. L. Hilliard and Silas Hilliard, against Sam G. Wilson, who resided in Burleson county, and Leon and H. Blum, residents of Galveston county, who with one Hyman Blum were alleged to be partners transacting a mercantile business in the city of Galveston, under the firm name of Leon & H. Blum.   The suit was for damages for the seizure and sale by appellees of personal property of appellants, in Burleson county, under a writ of attachment alleged to have been sued out in Galveston county, without probable cause and wrongfully and maliciously, and is against the firm as well as Leon and Sylvain Blum. Hyman Blum was alleged to be a non-resident of the state of Texas. Sylvain Blum alone being served with process, the suit was discontinued as to Leon and Hyman Blum. .

Plaintiffs' first amended original petition, filed March 20, 1885, alleges the issuance of a writ of attachment wrongfully and without probable cause, in a certain suit instituted by the firm of Leon & H. Blum against the plaintiffs, in the district court of Galveston county ; that Leon & H. Blum, acting by and through their agent, one Hendricks, took said writ to Burleson county, and then and there

placed the same in the hands of the defendant Wilson, who was sheriff of Burleson county, to be there levied upon certain property of plaintiffs, of the value of $5,000, situated in the store and place of business of plaintiffs in that county; that the levy was wrongfully and maliciously made for the purpose of harrassing plaintiffs and to enable Leon & H. Blum to obtain possession of the goods at a sum greatly less than their value; that, in pursuance of this purpose, L. & H. Blum, acting through Sylvain Blum, in January, 1883, procured an order in the above mentioned suit for the sale of the goods seized under the writ of attachment, and, by their agent in Burleson county, placed the same in the hands of the defendant Wilson, sheriff; that, in order to induce him to assist them in carrying out their unlawful purpose, Sylvain Blum indemnified him against all liability in the premises; that the defendants combining and confederating to sacrifice the goods of plaintiffs, and to enable Leon & H. Blum to acquire title thereto and possession thereof, at greatly less than their value, the defendant Wilson, at the instigation of his co-defendants, failed and refused to give reasonable and proper notice of the time and place of the sale of the goods, and to offer the same for sale in small lots, but, on the contrary, Wilson, in pursuance of his fraudulent agreement aforesaid, sold the goods in bulk, without sufficient notice and when few bidders were present, and the same were sold and struck off to Leon & H. Blum for $350 or $400; that if the time and place of sale had been properly advertised, or if the goods had been sold in lots, and in a reasonable and proper manner, they would have brought their full value of $5,000 before alleged; that, at the date of the transactions mentioned, plaintiffs were merchants in good standing and credit, and were conducting a profitable business as such ; and that their standing and credit had been destroyed, and their business broken up.   Plaintiffs prayed for actual and exemplary damages.

The defendant Sylvain Blum excepted to the petition for the want of jurisdiction, and both he and the defendant Wilson excepted thereto on the ground that it was not sufficient in law to entitle plaintiffs to maintain their action.

The exceptions were sustained, on the ground that the court had no jurisdiction of the defendant Sylvain Blum, or of the firm of L. & H. Blum, and on the ground that there was no cause of action shown against the defendant Wilson, and the suit was dismissed.   From that judgment, the plaintiffs have prosecuted an appeal to this court.

*Sayles & Bassett* and *McIver & Ragsdale* for appellants, cited: R.

S., 1198, sub-div. 8 ; Cahn *v.* Bonnett, 62 Tex. 674; Carothers *v.* Mc-
Ilhenny Co., 63 Tex. 138, 146, 147 ; R. S., 1198, sub-div. 4; McDonald
*v.* Neilson, 2 Cow. 139 ; Kauffman & Runge *v.* Morris, 60 Tex. 119.

*W. K. Homan, Scott & Levi,* and *Hume & Shepard,* for appellees,.
cited ; Tierney *v.* Frasier, 57 Tex. 437 ; Mikeska *v.* Blum, 63 Tex.
44; Hubbard *v.* Lord, 59 Tex. 384 ; Holloway *v.* Blum, 60 Tex. 625.

WILLIE, CHIEF JUSTICE.—This case was dismissed in the court
below for the alleged reason that the district court of Burleson county
had no jurisdiction of Sylvain Blum, or of the firm of Leon & H.
Blum, and that the petition showed no cause of action against S. G.
Wilson, the other defendant.   The present suit grew out of an
attachment proceeding commenced by the above firm, in Galveston
county, against the appellants.   The attachment writ sued out in that
proceeding was placed in the hands of the defendant Wilson, then
sheriff of Burleson county, to be levied upon property of the appel-
lants, situated in that county.   Wilson levied the writ upon the
property, and sold it, as is alleged, at less than one-tenth of its value.
To give the plaintiffs below a cause of action growing out of these
proceedings, it was alleged, among other things, that the attachment
was sued out wrongfully, maliciously and without probable cause, as
the issuance of the writ was followed by a seizure of the property of
appellants.   If their allegations in this respect were true, they were,
under the previous decisions of this court, entitled to sustain a suit
for damages against the plaintiffs in the attachment proceeding.  Cahn
*v.* Bonnett, 62 Tex. 674; Carothers *v.* McIlhenny Co., 63 Tex. 138;
Jacobs *v.* Crum, 62 Tex. 401.   Without other averments besides
these, as to the suing out of the writ wrongfully, maliciously and
without probable cause, and its subsequent levy by the sheriff upon
the property of the Hilliards, there would have been no cause of
action shown against Wilson, and the malicious prosecution alleged
against the Blums must have been redressed by means of a suit insti-
tuted in Galveston county, where the attachment proceedings were
commenced.   Hubbard *v.* Lord, 59 Tex. 384.

The process under which the sheriff seized the property of the
appellants shielded him from any suit for damages at the instance of
the defendants in the writ, and the plaintiffs in the writ could be sued
only in the courts of their residence or where the attachment proceed-
ings were commenced.

But the petition goes further, and charges that the plaintiffs in

attachment, having indemnified the sheriff for the purpose of inducing him to carry out their unlawful designs, combined and confederated with him to sacrifice the property of the appellants, which had been levied on under the writ. This unlawful design was accomplished by the sheriff selling the goods without reasonable and proper notice of the time and place of sale, and by selling the same in bulk instead of in small lots, when but few persons were present; and for these reasons the property was struck off to the plaintiffs in attachment, at the exceedingly small price before stated. It is alleged that if the sale had been advertised and conducted in a legal and ' just manner the goods would have brought from twelve to fifteen times the amount at which they were struck off to the plaintiffs in the attachment suit.

These allegations make out a far different case from that of an ordinary suit for malicious prosecution. They charge against the sheriff acts of wrong and oppression which he was not authorized to commit in the execution of the writ of attachment, and from the consequences of which, therefore, that writ could not protect him. In the proper use of the process, according to its command, he was shielded from accountability; for its abuse he was answerable as a trespasser. If the sheriff is commanded to seize sufficient property under a writ of attachment to make a debt of specified amount, and he willfully seizes ten times as much goods as are necessary for that purpose, and deprives the defendant of the possession and use of them, he commits as flagrant a wrong as if he had seized the excess without any process whatever. It is as much an abuse of the writ to fraudulently and willfully sacrifice the property after levy for the benefit of the attaching creditors as it is to wrongfully and oppressively seize, originally, more than the writ commands.

We think, therefore, that the illegal and oppressive execution of the writ by the sheriff made him a trespasser, and that a cause of action was shown against him in the petition, for which, of course, he could be sued in Burleson county, where he resided and the wrong was committed. We think, further, that, as the plaintiffs in attachment instigated these acts of the sheriff, and combined and confederated with him to have them performed, they were accessories to his conduct and participants in his oppressive acts, and trespassers equally with himself, their trespass relating back to the very commencement of the attachment proceedings. In this trespass they were, under our statute, liable to suit in the county where it was committed, and the court below improperly held that Burleson county had no jurisdiction of the cause.

In making this decision, we adhere to the rule as laid down in Hubbard v. Lord, that suits for malicious prosecution must be commenced in the county where the process of the law was unjustly and maliciously sued out; and that for a proper and legal execution of such process, according to its mandates, the officer of the law to whom it is directed incurs no liability to the injured party. But if the officer goes further, and, overstepping the bounds of discretion allowed him by the writ, makes use of it to wrongfully and unnecessarily oppress and injure the defendant, he commits a trespass for which a civil action will lie against him. If the plaintiff in attachment instigates or countenances such wrong and oppression, he becomes a participant in the trespass, and is liable to suit, either in the courts of his residence, or in that in which the proceedings are commenced, or in that in which the trespass by the officer was committed. Any expressions to be found in Cahn v. Bonnett, 62 Tex. 674, or any other cases in our reports, which appear to be inconsistent with these rules, will not be hereafter regarded as authoritative.

We think that the allegations of the present petition were sufficient to give the district court of Burleson county jurisdiction of the cause, and that the court erred in sustaining the demurrers of the appellees and in dismissing the suit. For this error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 19, 1886.]