## J. H. HILL ET AL. v. H. H. KIMBALL.

### No. 2644.

1. **Cause of Action.**—It was alleged in the petition that the plaintiffs were husband and wife, and were in possession under a lease of a dwelling house on land owned by defendant; that the wife was well advanced in pregnancy, the defendant knowing the fact, and that any undue excitement to a woman in that condition was likely to prove a serious injury to her health; that notwithstanding these facts defendant came to plaintiff's house, and in the yard, in the immediate presence of the wife, he assaulted two negroes in a boisterous and violent manner, and that the assault was accompanied with profane language and resulted in drawing blood; that the conduct of defendant frightened the wife and brought on the pains of labor, and eventually produced a miscarriage, and otherwise seriously impaired her health. *Held*, that the allegations constituted a cause of action.

2. **Trespass—Venue.**—Among the definitions of trespass, that "it embraces all cases where injury is done to the person, or to property, and is the indirect result of wrongful force," seems to have been meant in article 1198, paragraph 8, determining venue of suits.

3. **Venue—Trespass.**—The venue of suit for damages in the cause of action declared on may be in the county where committed or of residence of the defendant.

APPEAL from Freestone. Tried below before Hon. Sam. R. Frost.

The opinion states the case.

*J. D. Childs*, for appellants.—Upon the old maxim of the law that "For every wrong there is a remedy" (3 Blacks. Com., 123), we contend that plaintiffs in this case are entitled to a recovery. What is a wrong? A violation or invasion of a private right. What is the right in this case? The right of plaintiffs to enjoy their house in peace. Have they been permitted to do this? Has not the defendant invaded the sanctity of a private home and spread ruin and desolation in the pathway? Is there to be no security in the enjoyment of one's home and family? An eminent law writer said: "Peace and order and domestic happiness, inexpressibly more precious than mere form of government, can not be enjoyed without the sense of perfect security." Cool. on Torts, 161. Has defendant's conduct been right or wrong? It certainly has been grossly wrong. And if wrong and injurious, does the law not give plaintiffs an adequate compensation or some remedy for that wrong? If there is no remedy, then it

must be admitted that the law is imperfect, and that in cases like this a party must redress his own grievances *vi et armis* or be without redress, for the law will not protect him by adequate remedy. We can never assent to such a proposition as this, for that matchless arbiter, the blind goddess of the law, sits on the throne of the universe and holds with tender touch the scales of justice, and says in thunder tones, "The weak shall not be oppressed by the strong, but for every wrong there is an adequate remedy."

Let us examine the authorities on this point. But first we lay down the proposition "that the intent in a tort is not the test for damages," and in support of this we find: "If a person unlawfully injures another he must pay damages, without regard to the intention with which the act is done." Cool. on Torts., p. 4, citing Cate v. Cate, 44 N. H., 211. In the leading case of Scott v. Sheppard, 2 W. Blackstone, 892, it is laid down as a rule, "That one who hurls a missile into a crowd may have no one in view as the object of injury, but he commits a battery upon the person struck; and even where the lighted squib was thrown from one person to another in self-protection until it exploded near the plaintiff's eyes and blinded him, here is but a single wrong, the original act of throwing, and the action is sustained. So, too, if two persons fight, and unintentionally one strikes a third party, this is a battery of the latter and is not excused as mere accident, for the purpose was to strike an unlawful blow to injure some one." Cited and approved by Cool. on Torts, p. 164, in James v. Campbell, 5 S. & P., 372.

In case where a man went up in a balloon and landed upon private grounds, and attracted a considerable number of people, to the injury of the grounds, held that he was liable for all damages. Guille v. Swan, 10 Am. Dec., 234. Could the party have anticipated the consequences when he first went up in the balloon? From this it would seem that it makes no difference whether he did or not, so long as he took the initial step in producing injury. This is sometimes a question of fact for the jury. See case of the preacher in Cool. on Torts, p. 74.

If one knocks another down purposely, it is a crime; if carelessly, it is a tort. If one negligently burns another's house it is no arson, but a tort, because the neighbor had a right to enjoy his house in peace, and to have others observe towards him due care in any action that might endanger his property. There may be negligence so gross as to the right and safety of others that supplies the place of intent. Such would be the case if one on the roof of his own dwelling were to throw the snow and ice into the public street without looking to ascertain if persons were passing; or if a sportsman were to fire in the direction or within the reach of a crowd of people; or if the conductor of a railway train were to run out of time in disregard of orders. In case of negligence so gross the law implies a guilty intent. In other words, it implies that the culpable

party must have intended the natural consequences of that which he did or neglected to do, and it holds him accountable accordingly. Cool. on Torts, p. 84, citing James v. Campbell, 5 C. & P., 372. And Cooley on Torts, page 85, says, "Where a party, though not intending the particular injury, was nevertheless engaged in doing that which was unlawful, he must be held to a strict accountability, for what is unintentionally done in the course of a trespass is and must be blamable."

"In cases of illegal and mischievous conduct the disposition of the courts is to make the party in the wrong liable for injurious consequences flowing from the illegal act, although they may be very remote; and he who commits a trespass must be held to contemplate all the damages which may legitimately follow from his illegal act, whether he may have foreseen it or not, and so far as it is plainly traceable he should make compensation for it." Sedg. on Dam., 88, note 2; Cate v. Cate, 9 Am. Rep., 180; Guille v. Swan, 10 Am. Dec., 234; Richer v. Freeman, 9 Am. Rep., 267; 2 Greenl. on Ev., 224.

In Harrison v. Berkley, 47 American Decisions, 578, the rule is announced: "The law endures no injury without some remedy, and the action of 'case' will lie for any unlawful acts, or any acts done or omitted contrary to the general obligations of the law or the particular rights and duties of the parties." And Blackstone says, "Every person shall have his action for his own peculiar 'case,' regardless of precedents." 3 Blacks., 123. "A trespasser acts at his peril." 53 Am. Dec., 387, note.

Even a pew holder may maintain an action for disturbance. Shaw v. Beveridge, 38 Am. Dec., 616. Query: Can Hill and wife do so, even without other injury? We think so under this authority.

Intent of no importance in cases of this kind. Norris v. Litchfield, 69 Am. Dec., 546; Fowler v. Swan, 6 Texas, 60; Dexter v. Cole, 70 Am. Dec., 465; Guille v. Swan, 19 Johns, 381; Allison v. Chandler, 11 Mich., 542; Wait's Act. and Def., p. 45; 2 Sedg. on Dam., p. 483, 484; 1 Add. on Torts, p. 40.

In Massachusetts an action lies for an injury caused by a fright. Conning v. Williamstown, 1 Cush., 451; Gallagher v. Bowie, 66 Texas, 265.

In 6 Texas, page 60, it is laid down that "the intent in acts of lawless violence tending to a breach of the peace makes no difference. The acts and not the motives give character to the transaction." "Exemplary damages will lie where a wrongful act is done recklessly or negligently." Jacobs, Bernheim & Co. v. Crum, 62 Texas, 415.

See West v. Forrest, 22 Missouri, 344, where a man accidentally struck a woman in chastising a negress and was held for damages.

In McCue v. Klein, 60 Texas, 168, it is held that to induce another to swallow intoxicating drinks is actionable. In Texas there is no distinction between "trespass" and "trespass on the case." Wait's Act.

and Def., p. 100; Towers v. Sayre, 4 Texas, 28; Kellers v. Reppien, 9 Texas, 443; Smith v. Clopton, 4 Texas, 109.

*Gammage & Gammage,* for appellee.—The court below sustained a plea to the jurisdiction, holding that it was appellee's privilege to be sued in the county of his residence. From this ruling appellant brings the case on appeal to the Supreme Court.

The Supreme Court propounds the following questions, and asks counsel to submit briefs of authorities in answer to same:

"1. There being alleged no intentional wrong on the part of plaintiff towards Mrs. Hill, and the injury not having been inflicted through any physical force, does an action arise for the injury?

"2. Can there be a recovery for an injury, though physical, produced by the wrongful or negligent act of another, through the medium of great excitement or strong emotion created in the mind of the injured party, and in the absence of any violence whatever directed towards or operating upon the person of such party?"

In answer to the first question we submit: The petition is bad on general demurrer, and shows no cause of action that can be maintained by Hill and wife for want of the allegations that Kimball's acts, as stated, were committed with the intent to injure or to harass and injure Mrs. Hill. 1 Chit. Plead., 8 Am. ed., 390, 391; Brantz v. Marcus, 35 N. W. Rep., 115; Poland v. Earhart, 30 N. W. Rep., 637.

In answer to the second question propounded we submit the answer as to the first question; the petition shows in law no cause of action against appellee.

1. Rule of construing pleadings is that on demurrer the pleading will always be construed most strictly against the pleader. Murray v. Railway, 63 Texas, 407.

2. The requirement is that the consequences to be answered for should be natural and proximate to the act complained of. The rule is that the defendant is not answerable for anything beyond the natural and reasonable consequences of his acts, and if one's fault happens to concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for such unexpected result. 1 Suth. on Dam., 57, and cases cited; Fairbanks v. Kerr, 70 Pa. St., 86.

The damage claimed must be proximate and such as might have been reasonably anticipated by the party committing the wrong. In Swinfire v. Lowry, 34 Northwestern Reporter, 22, the Supreme Court of Minnesota decides this case: A minor eighteen years of age, upon invitation, drank intoxicating liquors with defendants at divers saloons, and became intoxicated and quarrelsome, and committed an assault upon plaintiff, inflicting serious injury upon him. The minor was not incited by defendant's to commit the assault. In action for damages against defendants,

alleging that the assault was the result of their acts in furnishing drink to the minor, held, that the damages were too remote, and not to be deemed the natural and proximate cause of the alleged wrongful acts of defendants.

On demurrer (or plea in abatement, or to jurisdiction), it must appear from the petition that the damages claimed are for such consequential injuries as might have been reasonably anticipated as the probable result of the wrongful act.

The allegation that defendant sold a revolver to plaintiff's minor son (aged 15), in violation of statute law, with which he afterwards injured himself, does not show a cause of action in plaintiff to recover for loss of service and expense of caring for him. Poland v. Earhart, 30 N. W. Rep., 637; Brantz v. Marcus, 35 N. W. Rep., 115.

In last cited case plaintiff sued defendant for damages for an assault committed upon him. The Supreme Court held that the jury was required to find whether the assault was willful and intentional, or justifiable or excusable.

One who unintentionally inflicts injury upon another will not be held to be answerable in damages. Brown v. Kendall, 6 Cush., 292; 2 Keys, 169. *Ergo,* the complaint must aver the injury was willful and intentional. Unless defendant did something wrong (to plaintiff) or plaintiff deprived of some right, there can surely be no cause for damages. Flaxman v. Rice, 65 Texas, 431.

In case of malicious arrest, the pleader should aver "that the defendant, wrongfully contriving and intending to imprison, harass," etc. In declaring for malicious prosecution, the intent to prejudice the character must be averred.

In actions for libel and slander "the malicious intent to injure," etc., is a necessary allegation.

In actions against an officer for non-performance of a public duty "the breach of duty and intention to deceive," etc., must be averred. 1 Chit. Plead., 18 Am. ed., 390, 391. By analogy, Mrs. Hill is required to allege that the trespass, crime, or offense with which Kimball is charged was by him committed with the intent to injure her.

GAINES, ASSOCIATE JUSTICE.—The case presented by the petition in this suit being novel, we were in doubt whether the facts alleged showed a cause of action, and for that reason set aside the submission at the last term and requested counsel to submit arguments upon that question. The question has been argued and the cause again submitted for determination. The defendant below, the appellee here, interposed an exception to the petition on the ground that he was not sued in the county of his residence, and the exception was sustained by the court. The correctness of that ruling depends upon the nature of the suit.

The petition alleges, in substance, that plaintiffs were husband and wife, and were in possession under a lease of a dwelling house and land belonging to defendant; that the wife was well advanced in pregnancy, and that defendant knew the fact, and that he was also aware that any undue excitement to a lady in that condition was likely to produce a serious injury to her health; that notwithstanding these facts he came to plaintiff's house, and in the yard, and in the immediate presence of the wife, he assaulted two negroes in a boisterous and violent manner, and that the assault was accompanied with profane language and resulted in drawing blood. It was also alleged that defendant's conduct frightened Mrs. Hill and brought on the pains of labor and eventually produced a miscarriage, and otherwise seriously impaired her health.

After a very careful consideration of the petition, we are of opinion that its allegations show a cause of action. We have found no exact precedent for such an action, but that is no sufficient reason why an action should not be sustained. That a physical personal injury may be produced through a strong emotion of the mind there can be no doubt. The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient ground for refusing compensation in an action at law when the injury is intentionally or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the injury be the proximate result of the cause, we can not say that a recovery should not be had. Probably an action will not lie when there is no injury except the suffering of the fright itself; but such is not the present case. Here, according to the allegations in the petition, the defendant has produced a bodily injury by means of that emotion, and it is for that injury that the recovery is sought. If in his assault upon the negroes he had discharged a missile at one of them, and it had missed its aim and had struck Mrs. Hill and produced a miscarriage, there is no doubt that he would be liable to an action; and it seems to us he should be equally held liable for the same result produced by the same conduct, except that in the one case the means of the injury is a material substance and in the other a mental emotion.

Of course, since there is no intent to injure Mrs. Hill alleged, it will be a question for the jury to determine whether his conduct, so far as she was concerned, was negligent or not; that is to say, whether, under the circumstances and with the lights before him, a reasonably prudent man would have anticipated the danger to her or not. We have been cited by counsel for appellee to the case of Renner v. Canfield, 36 Minnesota, 90. In that case the defendant shot a dog near the residence of the plaintiff, and thereby frightened his wife and caused a miscarriage. The court say, in effect, that the charge to the jury was erroneous, because the jury could and would probably infer from it that the defendant was

liable in the action if the killing of the dog was unlawful; and for this error the judgment was reversed. In the opinion the court say: "If the acts of the defendant amounted to any tort, which in any possible view of the case could be held to be the proximate cause of the injuries complained of, the gist of it must be negligence in shooting in such proximity to a human residence as might naturally and reasonably be anticipated to be liable to injure the inmates by fright or otherwise. We are by no means prepared to say that upon the evidence a verdict for plaintiff could be sustained even upon that ground. But it is enough here to say that the case was not submitted to the jury upon any such theory." It is evident that the court did not decide that no action would lie even under the peculiar facts of that case. Besides, it appeared in that case that the defendant was not aware of the proximity of the plaintiff's wife at the time he discharged the gun.

We think the petition in this case discloses a cause of action, and this conclusion brings us to the question originally presented in appellant's brief. The petition alleged the residence of defendant to be in Leon County, and that the injury was inflicted in Freestone County, in which the suit was brought. The defendant excepted to the petition, because the action was not brought in the county of his residence. The ruling of the court in sustaining the exception is assigned as error. Our statutes provide that no person who is an inhabitant of the State shall be sued out of the county of his domicile, except in certain cases. Rev. Stats., art. 1198.

Among the exceptions is the following: "When the foundation of the suit is some crime or offense or trespass for which a civil action in damages may lie, in which case the suit may be brought in the county where the crime or offense or trespass was committed, or in the county where the defendant has his domicile." Rev. Stats., art. 1189, subdiv. 8.

It is clear that unless the action in this case can be classed as a trespass within the meaning of that term in the provision quoted, the suit was improperly brought in Leon County; and the determination of that point depends upon the further question whether the word is used in the statute in its most restricted or in a more enlarged legal sense. In its widest signification it means any violation of law; in its most restricted sense it signifies an injury intentionally inflicted by force, either upon the person or property of another. But it still has a signification in law much more narrow than the first, and more enlarged than the second meaning given, and embraces all cases where injury is done to the person or to property, and is the indirect result of wrongful force. Abb. Law Dic., "Trespass."

In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrongdoer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it was intended that the word should be

understood.   We presume the exception was made in the interest of the injured party, and not of the wrongdoer, and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence.   It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the wrongful or negligent conduct of another, should not be driven to a distant forum to get redress of his wrongs.

In the case of Ten Eyck v. Rank, 31 New Jersey Law, 428, the Supreme Court of New Jersey construed the word "trespass" as used in a statute of that State as descriptive of a class of actions, and held that it was not used in its most restricted sense, but applied also to all actions of trespass in the case.   See also Cook v. Hartman, 2 W. & W. C. C., 770.

If, as we think, the word trespass in our statute was intended to embrace not only actions of trespass proper as known to the common law, but also actions of trespass on the case, it is clear that the action in this case was properly brought in Freestone County, and that the court had jurisdiction over the person of the defendant.

We conclude that the court erred in sustaining the exceptions to the petition, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 14, 1890.