## VAUGHT et al. v. JONES. (No. 11984.)

Court of Civil Appeals of Texas. Fort Worth. June 2, 1928.

Rehearing Denied June 30, 1928.

Automobiles ⬅232—Suit for injuries while riding in truck struck by defendants' trucks, being in "trespass," was properly brought in county where accident occurred (Rev. St. 1925, art. 1995, § 9).

Where plaintiff, residing in Y. county, sued defendants, who resided in W. county, for injuries sustained when his truck was struck by trucks of defendants, and defendants filed pleas of privilege to be sued in W. county, and plaintiff filed controverting affidavit, relying on Rev. St. 1925, art. 1995, § 9, providing suit based on trespass may be brought in county where such trespass was committed, or in county in which defendant has domicile, *held* that court properly overruled pleas of privilege, since petition charged trespass, within meaning of statute. (Citing Words and Phrases, Second Series, "Trespass.")

Appeal from District Court, Young County; E. G. Thornton, Judge.

Action by W. W. Jones against W. E. Vaught and others. From an order overruling the defendants' pleas of privilege, the defendants appeal. Affirmed.

Fitzgerald & Hatchitt, of Wichita Falls, for appellants.

Penix & Penix and Geo. S. Berry, all of Graham, for appellee.

BUCK, J. W. W. Jones, of Young county, sued W. E. Vaught and C. M. Hamer, alleged to reside in Wichita county, and doing business under the firm name of W. E. Vaught Trucking Company, a copartnership, for damages, alleging that defendant operated and owned a line of trucks, and that on or about January 20, 1927, while plaintiff and his son were traveling in a truck, loaded with lumber, from Graham to plaintiff's home, between Graham and Olney, they met two of defendants' trucks, one fastened behind the other, and operated by defendants' servants and employees; that the defendants' employees carelessly and recklessly knocked plaintiff's truck into the ditch, injuring him seriously. On the trial defendants filed pleas of privilege to be sued in Wichita county, but the court overruled said pleas, and the defendants have appealed.

### Opinion.

In plaintiff's controverting affidavit to the pleas of privilege, he relied upon article 1995,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

§ 9, Rev. Civ. Statutes of 1925, which reads as follows:

"*Crime or Trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

It is urged by appellants that:

"The crime, offense, or trespass made the basis of exception 9 to the general statute governing venue, includes only those wrongful acts to which the law may impute a willful intention to injure, and that the mere omission to perform a duty does not involve the commission of a trespass."

They cite Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, in which Mr. Justice Gaines, speaking for the Supreme Court said:

"The case presented by the petition in this suit being novel, we were in doubt whether the facts alleged showed a cause of action, and for that reason set aside the submission at the last term and requested counsel to submit arguments upon that question. The question has been argued and the cause again submitted for determination. * * * The petition alleges, in substance, that plaintiffs were husband and wife, and were in possession under a lease of a dwelling house and land belonging to defendant; that the wife was well advanced in pregnancy, and that defendant knew the fact, and that he was also aware that any undue excitement to a lady in that condition was likely to produce a serious injury to her health;. that notwithstanding these facts he came to plaintiff's house, and in the yard, and in the immediate presence of the wife, he assaulted two negroes in a boisterous and violent manner, and that the assault was accompanied with profane language and resulted in drawing blood. It was also alleged that defendant's conduct frightened Mrs. Hill, and brought on the pains of labor and eventually produced a miscarriage, and otherwise seriously impaired her health. * * *

"We think the petition in this case discloses a cause of action, and this conclusion brings us to the question originally presented in appellant's brief. The petition alleged the residence of defendant to be in Leon county, and that the injury was inflicted in Freestone county, in which the suit was brought. The defendant excepted to the petition, because the action was not brought in the county of his residence. The ruling of the court in sustaining the exception is assigned as error. Our statutes provide that no person who is an inhabitant of the state shall be sued out of the county of his domicile except in certain cases. Rev. Stats. [1888], art. 1198.

"Among the exceptions is the following: 'When the foundation of the suit is some crime or offense or trespass for which a civil action in damages may lie, in which case the suit may be brought in the county where the crime or offense or trespass was committed, or in the county where the defendant has his domicile.' Rev. Stats. [1888], art. 1189 [1198] subdiv. 8.

"It is clear that unless the action in this case can be classed as a trespass within the meaning of that term in the provision quoted, the suit was improperly brought in Leon county; and the determination of that point depends upon

8 S.W.(2d)—51

the further question whether the word is used in the statute in its most restricted or in a more enlarged legal sense. In its widest signification it means any violation of law; in its most restricted sense it signifies an injury intentionally inflicted by force, either upon the person or property of another. But it still has a signification in law much more narrow than the first, and more enlarged than the second meaning given, and embraces all cases where injury is done to the person or to property, and is the indirect result of wrongful force. Abb. Law. Dic. 'Trespass.'

"In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrongdoer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it was intended that the word should be understood. We presume the exception was made in the interest of the injured party, and not of the wrongdoer, and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the wrongful or negligent conduct of another, should not be driven to a distant forum to get redress of his wrongs."

In Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645, it is said:

"Counsel for appellee maintain that the cause of action alleged in the petition was a 'trespass,' within the meaning of that exception, contained in article 1198 of the Revised Statutes, which provides, in effect, that when the foundation of a suit is some crime, offense, or trespass for which a civil action in damages will lie, the suit may be brought 'in the county where the crime, offense, or trespass was committed.' The construction of the word 'trespass' in that provision of the statute came before us for consideration in the case of Hill v. Kimball, 76 Tex. 210, 13 S. W. 59 [7 L. R. A. 618], and we there held, that the word was not used in its most restrictive sense, and as applying only to actions for injuries inflicted by force upon the person or property of another, but that it would embrace actions of trespass on the case as known to the common law. In the case cited, the alleged wrong consisted in a bloody assault by the defendant upon two negroes in presence of the plaintiff's wife; and it was averred that by reason of the mental excitement of the wife, caused by the defendant's conduct, a miscarriage resulted. It was held that the cause of action was a 'trespass' within the meaning of the statute, and that the suit was properly brought in the county where the trespass was committed. Between that and the case now under consideration there is a marked distinction. There the act was not alleged to be done with the intent to injure the plaintiff's wife but it was an act committed. In the present case the alleged wrong consists in the negligent omission by the defendant's representative to do an act which it was his duty to do. Is this a 'trespass' within the meaning of the statute? We think not. The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was

intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty. There are expressions in the opinion in the case of Hill v. Kimball, supra, which would tend to give the exception in the statute we are now considering a wider scope; but when that case was under consideration the distinction we now draw did not present itself to our minds. We conclude that the court erred in sustaining the exception to Ricker, Lee & Co.'s plea to the jurisdiction."

It will be noted that in the above case the reason the Supreme Court held that no trespass was committed in the county where the suit was brought was that the only actionable negligence alleged was the failure of defendant's representative to do an act which it was his duty to do. Hence such negligence did not constitute a "trespass," as used in the statute. The court held that the word "trespass" was intended only to embrace such actions as are willfully or negligently committed, and not those which result from a mere omission of a duty. To the same effect is the case of Connor v. Saunders, 81 Tex. 633, 17 S. W. 236. 3 Bouv. Law Dict. (Rawle's 3d Rev.) p. 3316, defines "trespass" as:

"An unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another."

4 Words and Phrases, Second Series, p. 997, quoting from Davies v. Tex. Cent. Ry. Co., 62 Tex. Civ. App. 599, 133 S. W. 295, says:

"The word 'trespass,' in Rev. St. 1895, art. 3354, § 1, declaring that an action for trespass to property must be brought within two years, includes all tortious acts amounting to a transgression of the rights of another as to his property, but there must be some act done; and a mere failure to perform an act which one owes to another is insufficient, and the failure of a carrier to deliver freight received for transportation is not a trespass."

In Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980, writ of error refused, it is said:

" 'Trespass,' as used in the provision quoted, has been construed as meaning to embrace 'some wrongful act committed, and not merely a tort resulting from the negligent omission to perform a duty.' Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Winslow v. Gentry [Tex. Civ. App.] 154 S. W. 260.

And under the above rule it is thought that suit may be brought in the county where the injury occurred, against whoever negligently, as alleged, drives an automobile whereby another is run over and killed. And the appellants could be sued in the county where the trespass was committed by the alleged agent, acting within the scope of his authority. Carver Bros. v. Merrett [Tex. Civ. App.] 184 S. W. 741."

See De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; Eidermann v. Hansen (Tex. Civ. App.) 285 S. W. 847; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808; Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Cahn Bros. v. Bonnett, 62 Tex. 674, 676. In the last-cited case it is said: .

"This controversy mainly turns upon the true meaning of the word 'trespass' as used in the statute. Appellants claim that it must be confined to its strict legal or technical signification; while appellee claims that any intentional wrong or injury done directly or indirectly to the person or property of another constitutes a trespass within the spirit and intention of the statute.

"It must be remembered that the Revised Statutes are to be liberally construed with a view to effect their object and to promote justice. As a general rule the ordinary signification shall be applied to words used therein, and in all interpretations of the same the court shall diligently look for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy.

"By the old law the privilege of suing in the county where the wrong had its consummation was confined to crimes or offenses. It was held in Illies v. Knight, 3 Tex. 315, that the acts complained of, to come within that exception, must amount to a crime. The court there remarked that a trespass de bonis asportatis, which was unaccompanied by a breach of the peace, was not a crime in legal contemplation, and therefore did not come within the exception. Obviously the Legislature intended, by the addition of the word 'trespass,' to materially extend the operation of the exception to the general rule that required the defendant to be sued in the county of his residence."

Plaintiff's petition legally charged a "trespass," within the meaning of section 9, art. 1995, Rev. Civ. Statutes of 1925, as construed by the authorities hereinabove cited. Therefore the judgment of the trial court in overruling the pleas of privilege is affirmed.

Judgment affirmed.