### UNIVERSAL MILLS et al. v. KENNEDY.
### No. 8405.

Court of Civil Appeals of Texas. San Antonio. April 2, 1930.

Rehearing Denied April 30, 1930.

Boggess, La Crosse & Lowrey, of Del Rio, for appellants.

Jones & Lyles, of Del Rio, for appellee.

FLY, C. J.

This is a suit instituted by appellee against Universal Mills and J. L. Barnes, for damages resulting from the death of a registered bull, alleged to have been caused by eating certain "Superior Dairy Ration" in which were pieces of metal, one or more of which was swallowed by the bull and his intestines perforated by such metal. The Universal Mills had its domicile in Fort Worth and was engaged in the manufacture of grain products and stock food, among which was the food labeled "Superior Dairy Ration," and Barnes was a retail dealer in Del Rio who bought the food from the manufacturer and sold it to appellee. This business connection caused them to be joined in this suit. Universal Mills pleaded its privilege to be sued in Tarrant county, which was controverted by appellee, and the court overruled the plea of privilege, and Universal Mills has prosecuted an appeal from such order to this court.

The evidence showed that certain food labeled "Superior Dairy Ration" was bought by Barnes, a retail merchant, from Universal Mills in Fort Worth. It was contained in sacks into which it had been placed by the Universal Mills. A post mortem examination of the bull showed a strip of tin in his paunch or entrails. Appellee had no dealings with the manufacturer, but bought the food from the retailer in Del Rio.

The joinder of the parties is founded on the claim that they are jointly liable on a tort committed in Val Verde county. Venue in Val Verde county can only be sustained under exception 9, to the general provision in article 1995, Revised Statutes, 1925, which provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." If this case can be brought within the exception it must be because the act of Universal Mills was a trespass under the statute. The word "trespass" was construed under a former statute and the Supreme Court held that it meant any intentional wrong or injury. Cahn v. Bonnett, 62 Tex. 674. However, in Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 60, 7 L. R. A. 618, it was held that "the word 'trespass,' in our statute, was intended to embrace, not only actions of trespass proper, as known to the common law, but also actions of trespass on the case, it is clear that the action in this case was properly brought in Freestone county, and that the court had jurisdiction over the person of the defendant." In that case the domicile of the defendant was in Leon county

and the trespass committed in Freestone county. In that case the trespass was willfully committed, but with no intention to injure. the person alleged to have been injured. In the case of Ricker & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645, 646, the same judge who wrote the opinion in Hill v. Kimball, sought to draw a distinction between the two cases and qualified the former decision by holding: "The words, 'where the crime, offense, or trespass was committed; indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty." In other words, a trespass is an act of commission and not of omission. Under both the decisions cited, a tort resulting from an act committed with no intention to injure would be a trespass, within the meaning of the statute. The Ricker-Shoemaker Case has been consistently followed. Austin v. Cameron, 83 Tex. 351, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331. There was a tortious act committed in negligently permitting pieces of metal to be placed in the sacks containing the food for dairy cattle. It was a positive act. The controverting affidavit invokes exception 4 of the statute, but that has no applicability to the facts of this case. If Universal Mills is guilty of a tort that injured appellee it can be sued for damages for the trespass either alone or with its joint tort-feasor, in Val Verde county, where the trespass occurred. Joining appellant with its codefendant added nothing to the venue as to appellant. The parties were not improperly joined although such joinder did not affect the question of venue. The controverting affidavit alleged that a tort had been committed by appellant in Val Verde county, which allegation would give venue.

If it could be held with propriety, that Barnes should have poured the food out of the original packages in which it was delivered and thoroughly inspected it before selling it to consumers, then his liability would be fixed and appellant could be joined in the suit with him under the terms of exception 29a which was passed in 1927 (Gen. & Sp. Laws 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]) and provides: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." We have, however, seen no authority for holding a retailer liable for hidden defects not ascertainable in the usual methods for doing business. There might be circumstances surrounding the sale by a retailer of articles in bulk without an examination, such as buying from a disreputable wholesale dealer, or any circumstance that would place upon him the exercise of extraordinary diligence. It is not necessary for this court at this time to pass upon the negligence of Barnes because we think that appellant was guilty of trespass under the venue statute in Val Verde county, and consequently there was no error in overruling the plea of privilege.

The judgment is affirmed.