### HAMILTON v. PERRY.

No. 3239.

Court of Civil Appeals of Texas. El Paso.
July 11, 1935.

Rehearing Denied Sept. 12, 1935.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for appellant.

C. E. Florence and W. W. Sanders, both of Gilmer, for appellee.

WALTHALL, Justice.

This appeal is prosecuted from an order of the district court of Upshur county overruling a plea of privilege to be sued in Gregg county.

Plaintiff, E. Perry, brought this suit against Dr. E. H. Hamilton, as defendant, to recover damages for personal injuries alleged to have been sustained by him on October 2, 1933, while riding in a car driven by defendant on a public highway

in Upshur county, at which time the car in which plaintiff and defendant were riding came in collision with another car going in the opposite direction on said highway, and plaintiff received the injuries for which he sues.

Defendant Hamilton duly filed a verified plea of privilege to be sued in Gregg county, the county of his residence, and therein alleged that no exception to the exclusive venue in the county of one's residence provided by law exists in said cause; that the district court of Gregg has jurisdiction of the alleged suit and has proper venue thereof; and prayed that his plea be sustained and the cause transferred to Gregg county.

To the plea of privilege plaintiff answered by a controverting affidavit to the effect: That on the 2d day of October, 1933, plaintiff, by permission, consent, and invitation was riding in defendant's car then being driven by defendant along the Gilmer-Longview highway in Upshur county, Tex.; defendant met another automobile driven by John Hargraves on said road, at which time a collision occurred between said two automobiles; that said collision "was occasioned by the careless and reckless manner of the driving by the defendant; that the defendant was negligent in his failure to keep a proper lookout ahead, and in his failure to give the other car its rightful portion of the highway, and in his failure to properly use the brakes on said automobile." Plaintiff then alleges that he was not in fault for the manner in which the car was driven, that he was not associated with defendant in any business transaction, and had no control over the car or the manner in which it was driven at the time of the collision. Plaintiff then alleges that he was injured, and the extent of his injuries.

Plaintiff further alleged that Dr. Hamilton, on the occasion in question, was driving and operating his own car and was traveling eastward on a portion of said road which had an upward incline to the top of a small hill or knoll, and at which point the road made a sharp turn or curve toward the left; that it was the duty of Dr. Hamilton to stay on the right-hand side of the road and to travel at such rate of speed as would enable him to control his car and to avoid collision with any car at the top of the hill that might happen to be coming from the op-posite direction, but that Dr. Hamilton, in approaching said turn or curve in the road at the summit of the rise, was traveling in the middle or center of the road, and did not have complete control of his car on account of the reckless manner in which he was driving; that his brakes did not appear to be sufficient to check the speed of his car quickly; that while driving under said conditions as he approached the top of the rise of the road he met another car driven by John Hargraves and collided with the same; that said collision was caused by the reckless driving of defendant at the time, and by his reckless disregard of the rights of others; that the defendant was negligent and heedless in not driving on the right-hand side of the road and was heedless and reckless of the rights of others in not having sufficient brakes to the car to enable him to check the speed of the car in an emergency, and was heedless in his reckless disregard of others, and in failing to keep a proper lookout ahead so as to avoid any collision with any other person traveling on said road in the opposite direction.

Plaintiff alleges that the road at the point of collision was sufficiently wide for both cars to pass each without any collision, and that if defendant's car had stayed in said road on the right-hand side of the road, said collision would not have occurred and plaintiff's injury would not have happened.

Plaintiff in his controverting affidavit further says: This court has venue of this suit because defendant E. H. Hamilton, by reason of his negligence, in the manner set out above, committed a trespass upon the plaintiff herein within the county of Upshur and state of Texas.

The court heard the evidence on the plea and overruled the plea, and defendant duly prosecutes this appeal.

## Opinion.

Plaintiff, E. Perry, brought this suit in Upshur county against Dr. E. H. Hamilton, a resident of, and at the time of the happening of the matters complained of had his domicile in, Gregg county, Tex. The venue of the suit is brought, as we construe it and will so consider it, under paragraph 9 of article 1995, of the Statutes; an exception to said article providing that no person who is an inhabitant

of this state shall be sued out of the county of his domicile.

The trial court heard the evidence on the plea of privilege and the controverting affidavit and entered an order overruling the plea. This appeal is prosecuted from that order.

Defendant presents several propositions, as grounds for reversal of the order of the court retaining the venue of the suit in Upshur county. The propositions are, in effect: That the evidence does not show that defendant committed a trespass to plaintiff's injury in Upshur county, under section 1, of article 6701b, Vernon's Ann. Civ. St., familiarly known as our "Guest Statute," passed by the 42d Legislature at its Regular Session in 1931, as House Bill No. 763, chapter 225, p. 379; that the evidence does not show a trespass within the meaning of paragraph 9 of article 1995 of the Revised Civil Statute of this state; that the evidence offered on the hearing of the plea was not sufficient to overcome the prima facie case made by defendant in his plea of privilege. For reasons stated the defendant submits that the case should be ordered transferred for trial to the district court of Gregg county.

There are some facts essential to plaintiff's cause of action which the evidence sufficiently shows, or which are admitted, and which we will state without making reference to the evidence.

Plaintiff was a guest in defendant's automobile at the time and place involved here; defendant was driving a motor vehicle, within the meaning of the statute, in which plaintiff and defendant were riding, in Upshur county, and over one of the public highways of the state, the highway stated in plaintiff's controverting affidavit; while driving as stated, a collision occurred on the public highway between defendant's automobile and an automobile driven by John Hargraves, in which collision plaintiff was injured.

Plaintiff's suit is based upon said collision between the two automobiles as a trespass, under the ninth paragraph or exception to article 1995 of our Revised Civil Statutes. That paragraph provides that a suit based upon a "trespass" may be brought in the county where the trespass was committed.

The questions we think necessary to discuss are: Was the collision of plaintiff's automobile with John Hargraves' automobile, as shown in the evidence, such a trespass committed by defendant as to come under paragraph 9 of article 1995, and if it was, is the evidence sufficient to show that the accident or collision between the automobiles was caused by defendant's heedlessness or the reckless disregard of the rights of others?

The term "trespass" is not defined in our venue statute. A trespass committed by the defendant to the injury of another has the legal effect to fix the venue of the suit in the county in which the act constituting the trespass was committed. It means more, we think, than ordinary negligence constituting a cause of action for damages. In Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 60, 7 L. R. A. 618, without stating the facts here constituting the cause of action, Judge Gaines was discussing the meaning of the term "trespass" as used in our venue statute, and whether the word "trespass" is used in the statute in its most restrictive or a more enlarged legal sense. It is there said:

"In its widest signification, it means any violation of law. In its most restricted sense, it signifies an injury intentionally inflicted by force either upon the person or property of another. But it still has a signification in law much more narrow than the first, and more enlarged than the second, meaning given, and embraces all cases where injury is done to the person or to property, and is the indirect result of wrongful force. Abb. Law Dic. 'Trespass.'

"In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrong-doer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it intended that the word should be understood. We presume the exception was made in the interest of the injured party, and not of the wrong-doer; and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the willful or negligent conduct of another should not be driven to a distant forum to get a redress of his wrongs."

In Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645, 646, the wrong consisted in the negligent omission by the defendant's representative to do an act which it was his duty to do, and the court held that such was not a "trespass" within the meaning of the statute, and said that the word "trespass" in the venue statute "was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

In Edwards v. Hawkins (Tex. Civ. App.) 77 S. W.(2d) 1098, 1100, it was alleged that while appellee was operating a motorcycle, appellant, operating an automobile, approached him from the rear and willfully and negligently drove said car against appellee and the motorcycle and thereby committed a trespass. The evidence showed the facts substantially as alleged. The Waco Court said: "The negligent operation of a car resulting in striking and injuring the person or property of another constitutes a trespass," and referred to many cases as so holding, among them Vaught et al. v. Jones et al., 17 S.W.(2d) 779, 780, in which the Commission of Appeals said: "The final test appears to be that, in order to constitute a 'trespass' through negligence, the act must be an affirmative one rather than a mere omission to perform a duty."

Here the act of the defendant in driving his automobile on the left side of the center of the public highway was an affirmative one, and in violation of article 801 of the Penal Code, which prescribes that the driver of any vehicle in or upon any public highway, wherever practicable, shall travel upon the right-hand side of such highway.

Without quoting from the evidence, it clearly shows that at the time and place of the accident, defendant was driving his car to the left of the center of the highway, and that in doing so his car collided with John Hargraves' car going in an opposite direction and plaintiff was thereby injured.

■ Section 1 of article 6701b is not a venue statute. The section provides that no person, transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death, or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.

The evidence here, without controversy, shows that the defendant drove his car on the left-hand side of the highway and in doing so collided with another car coming in the opposite direction, thus causing the injury to plaintiff, defendant's guest.

The act of the defendant in driving his car on the left-hand side of the public highway, without a reason intimated in the evidence for doing so, was an affirmative, active negligent act, made so by the law, from which the court could hold that such was in heedless or reckless disregard of the rights of others. Now, we do not mean to say the defendant, Dr. Hamilton, in driving his car on the left-hand side of the road intended to collide with the other car, but we do mean to say only that in the absence of any evidence to the contrary, Dr. Hamilton intended to drive his car just where the undisputed evidence shows he did drive it. Here the accident or collision was the natural result of the negligent act in driving on the left-hand side of the road.

The trial court in overruling the plea necessarily passed upon the sufficiency of the evidence to sustain the controverting affidavit.

For reasons stated, the case is affirmed.

## On Motion for Rehearing.

■ Appellant in his motion for a rehearing insists that the evidence in the record shows only an ordinary negligent act, that of driving on the left-hand side of the highway; that there is no evidence to show a "heedless or reckless disregard of the rights of others" within the meaning of the guest statute of this state; and that to show liability of Dr. Hamilton the evidence must show more than the negligent act of driving his car on the wrong side of the highway in violation of the law.

We think the motion states a correct proposition of law. The difficulty we find is that the issue of the "heedless" driving of the automobile is an issue of fact and the trial court in overruling the plea necessarily found that the driving of the au-

850

tomobile, under the evidence, was "heedless." The issue was primarily with the trial court on the hearing of the plea. The trial court evidently was of the opinion that the appellee had made out a prima facie case. We thought, and still think, that the issue of the "heedless" driving of the automobile should be tried and determined on a trial on the merits rather than on a hearing on the plea.

The motion is overruled,