**DOWNS v. McCAMPBELL.**

No. 9633.

Court of Civil Appeals of Texas. Austin.

May 21, 1947.

Rehearing Denied June 11, 1947.

Looney and Clark, Everett L. Looney and Donald S. Thomas, all of Austin, for appellant.

Eskridge & Groce and Josh H. Groce, all of San Antonio, for appellee.

HUGHES, Justice.

This appeal is from an order sustaining a plea of privilege. James Cade Downs, appellant, sued Richard J. McCampbell, a resident of Jim Hogg County, appellee, for damages resulting from injuries sustained when an automobile, driven by appellee, collided with a tree by the side of the Bee Cave Road, at a point about four miles from Austin, in Travis County. Appellant alleged that he was, with others, a gratuitous passenger in the car at the time of the collision, and pleaded that he was a guest within the meaning of Art. 6701b, Vernon's Annotated Civil Statutes. He alleged various acts of negligence on the part of appellee, and charged that they, severally and collectively, were committed with heedlessness and with a reckless disregard of the rights of others and of the rights of appellant.

A jury was used, and upon special issues it found with appellee as to all alleged acts of negligence, except the following: That appellee was driving and operating the automobile at an excessive and dangerous rate of speed under the conditions then and there existing just before and at the time of the collision; and that appellee was driving and operating the automobile without having it under reasonable and proper control just before and at the time of the collision.

Following each of the above findings, the jury found that such act and fact was not in heedless and reckless disregard of the rights of appellant.

The jury also found that the collision was not unavoidable.

Appellant in his brief does not challenge any of the findings of the jury to be without support in the evidence, or to be against the preponderance of the evidence; and for this reason a detailed discussion of the evidence is not required and will not be made.

Appellant invokes Sub. 9 of Art. 1995 to sustain venue in Travis County, under the above findings of the jury, which reads: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

█ It is well settled that in order to constitute a trespass within the meaning of such exception, in negligence cases, that active or affirmative negligence is required to be shown.

█ As to the jury's finding that appellee, just before and at the time of the collision, was driving and operating the automobile without having it under reasonable and proper control, the Supreme Court, in Barron v. James, 198 S.W.2d 256, 261, has held that this shows "merely a negligent omission or failure on the part of the driver to do something which it was his duty to do," and is, therefore, not a finding of trespass.

█ The finding of the jury that appellee, just before and at the time of the collision, was driving the car at an excessive and dangerous rate of speed is a finding of active negligence. Martin v. Cable, Tex. Civ.App., 140 S.W.2d 894.

We are, therefore, confronted with the question as to whether or not this holding is applicable in this case where ordinary negligence will not support a recovery, Art. 6701b, Sec. I, under which this suit was brought, providing: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

Three venue cases are cited by appellant, in which suits were brought under this statute, being Mims v. Seltzer, Tex.Civ.App., 143 S.W.2d 973; Hamilton v. Perry, Tex. Civ.App., 85 S.W.2d 846; and Carey v. Smith, Tex.Civ.App., 168 S.W.2d 889. He

asserts that in none of these cases did the court decide what effect, if any the guest statute had on the trespass subdivision of Art. 1995. We have examined these cases and are of the same opinion.

■■ The words "trespass" and "crime" as used in Sub. 9 are not defined in the venue statute. In order to determine what a crime is we must examine the criminal statutes. Page v. Kilgore, Tex.Civ.App., 181 S.W.2d 730. Each element of the crime must be established, and should the lawmaking body repeal a criminal statute or redefine it so as to alter its constituent elements, it is obvious that decisions under the original statute would not be controlling in venue cases arising after its repeal or alteration.

So, in this character of case the legislature has defined the degree of negligence, or the course of conduct which must be established, and this necessarily requires a redetermination of the meaning of the word "trespass" as used in Sub. 9, in a case of this sort, uncontrolled by decisions in negligence cases not falling within the purview of Art. 6701b.

In accordance with our view that we are not only authorized but required to examine other pertinent statutes in order to properly construe the venue statutes, we are supported by the decision of this court in Witting v. Towns, 265 S.W. 410. The suit there was brought under Sub. 12 of Art. 1995, providing that a suit for the foreclosure of a lien may be brought in the county where the property subject to such lien is situated. In order to determine whether this character of suit had been brought, the court looked to the statute of frauds, and it appearing that the transaction was verbal and no facts were shown relieving the sale from the operation of the statute, the court held that sufficient venue facts had not been established.

■ In Page v. Schlortt, 71 S.W.2d 886, 888, this court, in discussing the meaning of the word "trespass" in Sub. 9, stated: "Nor is any distinction made as to whether the act is a trespass or a trespass on the case, because as used in the statute the term 'trespass' is equivalent to 'tort,' and of course includes negligence. Crespi v. Wigley, Tex.Civ.App., 18 S.W.2d 716." See also 42 Perm.Ed. Words and Phrases, pages 450, 451.

The legal construction, meaning, and definition of the word "tort" is nowhere more ably and authoritatively discussed than in Townes on Torts, from which we quote:

"A tort always involves a legal injury, and cannot exist without it. A legal injury means a violation of a legal right." Page 6.

"On the other hand, loss or hurt suffered from any cause not a violation of a legal right, in contemplation of law does not constitute an injury. It is hurt unaccompanied by legal wrong and can not entitle to redress. In the language of the books it is 'damnum absque injuria.'" Page 7.

"From the foregoing we conclude that the legal conception of a tort, presented affirmatively, is an act or omission violative of a private right existing in one or more persons, whether natural or artificial, which right does not depend directly on the assent of the person or persons owing the correlative duty, which directly results in damage to him or them having the right and for which the law undertakes to give an appropriate private remedy to the injured person against the wrongdoer." Page 9.

" * * * a tort is an act or omission in breach of a duty imposed by law and not undertaken by contract for which the law gives to the injured party a civil remedy against the wrongdoer." Page 30.

Sub. 9 of Art. 1995 formerly read: "Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile." Art. 1830, Sub. 9, Vern.Civ.Stat.1914.

■ That the omission of the words "for which a civil action in damages may lie," did not change the meaning of such subdivision so as to fix venue in a county in which a trespass occurred without the requirement that it be such a trespass for

which a civil action for damages would lie, is shown by the opinion of the Supreme Court in the case of Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1065. In discusssing the meaning of the word "trespass", as used in the present statute, the court said: "The act committed must be illegal, though it need not amount to a crime or an offense, for these words are also used in the statute, and embrace penal acts for which an action for damages may be allowed."

If the words "crime or offense" embrace penal acts for which an action for damages may be allowed, it follows that a trespass also must be one for which an action for damages may be allowed.

In view of the jury's findings negativing the existence of liability under Art. 6701b, we hold that a "trespass" has not been shown within the meaning of Sub. 9, Art. 1995.

Appellant requested the trial court to submit the following special issue, which was refused: "Do you find from a preponderance of the evidence that the act of the defendant McCampbell in driving his automobile into and against the tree on or about January 12, 1946, was in heedless and reckless disregard, as that term is herein defined, of the rights of the plaintiffs James Cade Downs, James Patrick Lee and Betty Virginia Kiley?"

This requested issue was in violation of Rule 277, Texas Rules of Civil Procedure, which provides that special issues shall be submitted separately. This issue as framed was in the nature of a general charge, and the trial court did not err in refusing to submit it to the jury.

Appellant complains of the admission in evidence of a written and sworn statement made by him to Major Brown, an army investigating officer, when appellant was on terminal leave, which statement was at material variance with the testimony given by him on the trial, and which in fact absolved appellee from any act of negligence. It is contended that this statement was inadmissible under Sec. 693 e, Title 38 U.S.C.A.: "No person in the armed forces shall be required to sign a statement of any nature relating to the origin, incurrence, or agggravation of any disease or injury he may have, and any such statement against his own interest signed at any time, shall be null and void and of no force and effect."

There is no evidence that appellant was "required" to give this statement; the statement itself reciting that appellant gave it of his own free will and with appreciation and understanding of his rights under the 24th Article of War, 10 U.S.C.A. § 1495. For this reason alone the trial court did not err in receiving it in evidence. It also appears that the above section is a portion of the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 693 et seq., which is a comprehensive act in aid of World War II veterans, and pertains to their relationship with the Federal Government and does not purport to govern transactions between servicemen and private citizens.

Appellee having introduced appellant's written statement made to Major Brown, appellant offered as a witness Miss Betty Virginia Kiley, who proposed to testify that in February 1946 appellant told her the facts of this case as he had testified to them upon the trial. Miss Kiley herself was an interested witness; she has brought suit against appellee for damages for injuries sustained in the same collision. She was not permitted to so testify and it is complained that this was error. Appellant's written statement was admissible as an admission against interest and as such was original and substantive and not impeachment evidence. "A party cannot rebut the evidence of his own admission by different declarations made at other times." Hearon v. Jackson, Tex.Civ.App., 109 S.W. 2d 230, 232, and authorities there cited.

There being no reversible error, the judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing.

Appellants have filed a joint motion for rehearing, in which the following cases are cited as demonstrating the incorrectness of our holding that there was no error in excluding the testimony of the witness Miss

Kiley that appellant Downs had told her the facts of the case consistent with his testimony upon the trial: Mason v. M., K. & T. Ry. Co. of Texas, Tex.Civ.App., 151 S.W. 350; Houston & T. C. Ry. Co. v. Fox, 106 Tex. 317, 166 S.W. 693; St. Louis & S. F. R. Co. v. Sizemore, 53 Tex. Civ.App. 491, 116 S.W. 403; Missouri, K. & T. Ry. Co. of Texas v. Hawk, 30 Tex. Civ.App. 142, 69 S.W. 1037; Sullivan v. Fant, 51 Tex.Civ.App. 6, 110 S.W. 507; and El Paso Electric Co. v. Cannon, Tex. Civ.App., 69 S.W.2d 532.

█ Admissions are quite different from declarations against interest. The former must come from a party in interest, his agent or predecessor; the latter may come from any one. For full discussion see McCormick & Ray, Texas Law of Evidence, Sec. 490.

All of the above cases cited by appellant, except the Mason case, are distinguishable upon one of the following grounds: (a) prior consistent statements were admitted where a witness (not a party) had been impeached (b) under a charge of recent fabrication of testimony by a party, who had kept silent when he should have spoken, evidence that he did speak at other times consistently with his trial evidence was admitted in rebuttal of the testimony that he did not speak.

In the Mason case prior consistent statements of a party were held admissible, the court applying the rules of impeachment of a nonparty witness. That such rules were inapplicable since the admission of a party was involved was not discussed.

We adhere to our previous holding.

All motions for rehearing are overruled.