### McILHENNY v. HARDY.

No. 12156.

Court of Civil Appeals of Texas. Galveston.

Jan. 5, 1950.

E. C. King, of Freeport, Kenneth W. Bing, of Velasco, for appellant.

H. C. Davidson, of Houston, for appellee.

GRAVES, Justice.

This appeal—in a plea of privilege case—is from a judgment of the county court at law of Harris County, overruling the plea-of-privilege of the appellant to be sued in the county of his residence, Brazoria, upon a cause-of-action for damages, resulting from a collision between their respective automobiles in Harris County, filed in that county against him, by the appellee.

The proceedings in the trial court followed the usual and proper pattern of such suits, and the venue-issue was joined in the regular way—that is, by the filing of appellant's plea-of-privilege, the appellee's controverting-affidavit thereto, and the hearing of evidence thereon by the court. No findings-of-fact, or law, were requested or filed.

The court's judgment, pursuant to such procedure, thus stated the ground of its action: "* * * the Court having heard and considered such plea of privilege and controverting plea, and the evidence and argument of counsel thereon, and being of the opinion that the plea of privilege should be overruled;

"It is accordingly ordered, adjudged and decreed by the Court that such plea of privilege be and the same is hereby overruled * * *."

The appellee in his trial petition and his controverting-affidavit, as well, thus alleged the ground of venue in Harris Coun-

ty: " * * *, the defendant W. F. Mc-Ilhenny committed, within the meaning of Exception 9, to Article 1995, of Vernon's Annotated Civil Statutes of the State of Texas, as amended, a trespass, in Harris County, Texas, against this Plaintiff, and that the defendant W. F. McIlhenny committed, within the meaning of Exception 9, to Article 1995, of said statutes, an offense and crime, in Harris County, Texas, against this plaintiff, and that by reason of· such actions of the defendant, and by reason of said Section 9, Article 1995, of ·said statutes, this suit may be brought in the County of Harris; State of Texas, wherein said crime, offense or trespass was committed, * * *."

In his points-of-error for the reversal of such judgment, the appellant categorically asserts that the evidence wholly failed to show:

First, "that the said·defendant committed any crime whatever against the plaintiff, occasioned by such automobile collision, or to occasion the same, within the meaning of Exception 9, to Article 1995";

Second, "that the said defendant committed any such trespass against plaintiff, occasioned by such automobile collision within the meaning of Exception 9, to Article 1995, * * * which would authorize the filing and maintenance of a suit for damages against the said defendant, in Harris County, Texas";

Third, "that the said defendant, committed any active trespass against plaintiff, which occasioned such automobile collision within the meaning of Exception 9, to Article 1995, * * * and that if any trespass at all was committed against the said plaintiff, it was no more than a passive trespass, or failure to do or perform some act or thing, which he should have done under the conditions faced by him at the time."

He goes on to urge, further, that the appellee himself was shown to have been negligent in the driving of his own automobile, and that such negligence on his part was the proximate cause of their collision, to a greater extent than was the operation and driving by the appellant of his own car.

Appellant cites a number of cases in support of his argument that such states-of-fact, as were thus alleged to have existed, did not constitute a crime, or trespass, within the meaning of such Section 9.

In the view taken here of the cause, it is deemed unnecessary to discuss these so-cited authorities.

The appellee, in his turn, in his trial petition and succeeding controverting-affidavit, alleged, in substance, that the appellant was guilty of negligence in the operation of his car, in at least the following particulars:

"(b) In driving said automobile on the wrong side of said highway, when said highway was not clear and unobstructed for a distance of at least fifty (50) yards ahead.

"(e) In driving said automobile at an excessive rate of speed at the time and place of the collision."

He thereupon summarized the evidence from which, he asserts, the trial court could reach no other finding than the one so stated in its decree, overruling the plea-of-privilege. As supporting the trial court's finding that such evidence did constitute in law a trespass, as well as a crime, within the meaning of the quoted Section 9, he cites these authorities: Art. 801(A), Penal Code of the State of Texas; Traylor v. Brentzel, Tex.Civ.App., 218 S.W.2d 261, page 263; Hamilton v. Perry, Tex.Civ. App., 85 S.W.2d 846; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817, at page 819; Columbian Fuel Corp. v. Summers, Tex.Civ.App., 134 S.W.2d 694; Brandon v. Schroeder, Tex.Civ.App., 149 S.W.2d 140; Musslewhite v. Vos, Tex. Civ.App., 127 S.W.2d 969; Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672, at page 674; Martin v. Cable, Tex.Civ. App., 140 S.W.2d 894, at page 896; Downs v. McCampbell, Tex.Civ.App., 203 S.W.2d 302, at page 304.

Since, presumably from its judgment overruling the plea, the trial court found the evidence in favor of the appellee, it is

clear that, under the authorities last cited, a trespass was committed in Harris County, hence there was no error in the overruling of the plea of privilege. Rule 279, T.R. C.P.; Bates v. Stinnett, 170 S.W.2d 644, 647; Rosenberg v. Levin, Tex.Civ.App., 181 S.W.2d 832.

The judgment will be affirmed.